IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and CEPHALON FRANCE, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> ACTAVIS GROUP, ACTAVIS PHARMA ) <br> MANUFACTURING PVT. LTD., and ACTAVIS ) <br> INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Cephalon, Inc. and Cephalon France (collectively "Cephalon") bring this action for patent infringement against Defendants Actavis Group, Actavis Pharma Manufacturing Pvt. Ltd. ("Actavis Pharma") and Actavis Inc. (collectively "Actavis"). This action concerns patents related to Cephalon's pharmaceutical product, Nuvigil® (armodafinil), a prescription drug widely used to improve wakefulness in patients with excessive sleepiness associated with obstructive sleep apnea/hypopnea syndrome, narcolepsy, and shift work sleep disorder.

## PARTIES

1. Cephalon, Inc. is a Delaware corporation having its corporate offices and principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355. Cephalon, Inc. is engaged in the business of research, development, manufacture, and sale of pharmaceutical products throughout the world.

2. Cephalon France, is a société par actions simplifiée ("SAS") under the laws of France, a wholly-owned subsidiary of Cephalon, Inc., and located at 20 Rue Charles Martigny, 94701 Maisons-Alfort Cedex, France.

3. On information and belief, Actavis Group hf., is a corporation organized and existing under the laws of Iceland, with a principal place of business at Dalshrauni 1, 220 Hafnarfirdi, Iceland, and is the parent corporation of both Actavis Pharma and Actavis Inc.

4. On information and belief, Actavis Pharma is a corporation organized and existing under the laws of India, with a principal place of business at Plot No. 101, 102, 107, & 108, SIDCO Pharmaceutical Complex, Alathur, Kanchipuram Dist – 603 110, Tamilnadu, India.

5. On information and belief, Actavis Inc. is a corporation organized and existing under the laws of Delaware, with its principal place of business at 60 Columbia Turnpike, Bldg. B, Morristown, New Jersey 07960.

6. On information and belief, Actavis Inc. is an express agent of Actavis Pharma.

7. On information and belief, Actavis Pharma, itself and through Actavis Group and Actavis Inc., is in the business of making and selling generic pharmaceutical products, which it distributes, markets, and/or sells in Delaware and throughout the United States.

8. On information and belief, Actavis Group, itself and through its wholly-owned subsidiaries, Actavis Pharma and Actavis Inc., is in the business of making and selling generic pharmaceutical products, which it distributes, markets, and/or sells in Delaware and throughout the United States.

## **JURISDICTION AND VENUE**

9. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

10. This Court has personal jurisdiction over Actavis Group, Actavis Pharma, and Actavis Inc. by virtue of, *inter alia*, their marketing and sales activities in this judicial district,

including but not limited to the substantial, continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this judicial district.

## NATURE OF THIS ACTION

11. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular under 35 U.S.C. § 271(e). This action relates to Abbreviated New Drug Application ("ANDA") No. 200-168 filed by Actavis with the United States Food and Drug Administration ("FDA") for approval to market generic copies of Cephalon's successful Nuvigil® pharmaceutical products that are sold in the United States.

## BACKGROUND

12. Cephalon, Inc. is the holder of approved New Drug Application ("NDA") No. 21-875 for the use of Nuvigil® (armodafinil) tablets in 50 mg, 100 mg, 150 mg, 200 mg, and 250 mg dosage strengths, as indicated to improve wakefulness in patients with excessive sleepiness associated with obstructive sleep apnea/hypopnea syndrome, narcolepsy, and shift work sleep disorder.

13. Cephalon, Inc. is the owner by assignment, and has the right to sue for infringement, of U.S. Reissue Patent No. RE37,516 E ("the '516 patent"), entitled "Acetamide Derivative Having Defined Particle Size." The '516 patent was duly and legally issued by the United States Patent and Trademark Office on January 15, 2002. A true and correct copy of the '516 patent is attached as Exhibit A.

14. Cephalon France is the owner by assignment of U.S. Patent No. 7,132,570 ("the '570 patent"), entitled "Method for the Production of Crystalline Forms and Crystalline Forms of

Optical Enantiomers of Modafinil." The '570 patent was duly and legally issued by the United States Patent and Trademark Office on November 7, 2006. A true and correct copy of the '570 patent is attached as Exhibit B.

15. Upon information and belief, Actavis filed ANDA No. 200-168 with the FDA under 21 U.S.C. § 355(j), seeking approval for the commercial manufacture, use, and sale of armodafinil capsules in 50 mg, 150 mg, and 250 mg dosage strengths ("Actavis's generic armodafinil products") before the expiration of the '516 and '570 patents ("patents-in-suit"). On information and belief, as part of its ANDA, Actavis filed a "Paragraph IV Certification," pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the patents-in-suit are "invalid or will not be infringed by the manufacture, use, or sale of" Actavis's generic armodafinil products that are the subject of Actavis's ANDA No. 200-168.

16. Actavis caused to be sent to Cephalon a letter ("the Notice Letter"), dated October 30, 2009, notifying Cephalon that Actavis had filed ANDA No. 200-168 seeking approval to market Actavis's generic armodafinil products prior to the expiration of the patents-in-suit, and was providing information to Cephalon pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). Cephalon received the Notice Letter on or about November 2, 2009.

17. The Notice Letter contained no allegation of non-infringement for one or more claim of the '516 patent and no allegation of non-infringement for one or more claims of the '570 patent.

## COUNT I FOR INFRINGEMENT OF THE '516 PATENT

18. Cephalon realleges and incorporates by reference paragraphs 1-17.

19. Actavis has filed or caused to be filed ANDA No. 200-168 with the FDA, seeking authorization to manufacture, import, market, use, offer for sale, and sell Actavis's generic armodafinil products before the expiration of the '516 patent. On information and belief, Actavis also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '516 patent are invalid, unenforceable, or not infringed.

20. By submitting its ANDA No. 200-168 under § 505(j) of the Federal Food, Drug, and Cosmetic Act for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Actavis's generic armodafinil products before the expiration of the '516 patent, Actavis has infringed the '516 patent under 35 U.S.C. § 271(e)(2).

21. Upon information and belief, Actavis Group, Actavis Pharma, and Actavis Inc. have acted in concert, actively supporting, participating in, encouraging, and inducing filing of ANDA No. 200-168 for Actavis's generic armodafinil products, and in the preparation to sell in the United States Actavis's generic armodafinil products.

22. Upon information and belief, Actavis intends, soon after the FDA has approved the ANDA, to begin manufacturing, marketing, selling, and offering to sell Actavis's generic armodafinil products with a product insert that will direct physicians and patients in the use of Actavis's generic armodafinil products.

23. Upon information and belief, Actavis's generic armodafinil products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '516 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

24. Upon FDA approval of Actavis's ANDA No. 200-168, Actavis will infringe the '516 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell,

selling, and/or importing Actavis's generic armodafinil products in the United States, and by actively inducing and contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

25. Upon information and belief, Actavis Group will actively aid, abet, encourage, and induce Actavis Pharma, Actavis Inc., and others in the production, importation, sale, offer for sale, and use of Actavis's generic armodafinil products.

26. Upon information and belief, Actavis Group, Actavis Pharma, and Actavis Inc. will each actively participate in the production, importation, sale, offer for sale, and use of Actavis's generic armodafinil products.

27. Upon information and belief, the offer to sell, sale, and/or importation of Actavis's generic armodafinil products would actively induce infringement under 35 U.S.C. § 271(b) of at least one claim of the '516 patent, either literally or under the doctrine of equivalents.

28. Upon information and belief, Actavis had knowledge of the '516 patent and knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '516 patent, either literally or under the doctrine of equivalents.

29. Upon information and belief, the offer to sell, sale, and/or importation of Actavis's generic armodafinil products would contributorily infringe under 35 U.S.C. § 271(c) at least one of the claims of the '516 patent, either literally or under the doctrine of equivalents.

30. Actavis has knowledge of the '516 patent and is knowingly and willfully infringing the '516 patent.

31. As a result of Actavis's infringement of the '516 patent, Cephalon has been and will continue to be damaged unless said infringement is enjoined by this Court. Cephalon has no adequate remedy at law.

## COUNT II FOR INFRINGEMENT OF THE '570 PATENT

32. Cephalon realleges and incorporates by reference paragraphs 1-31.

33. Actavis has filed or caused to be filed ANDA No. 200-168 with the FDA, seeking authorization to manufacture, import, market, use, offer for sale, and sell Actavis's generic armodafinil products before the expiration of the '570 patent. On information and belief, Actavis also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the claims of the '570 patent are invalid, unenforceable, or not infringed.

34. By submitting ANDA No. 200-168 under § 505(j) of the Federal Food, Drug, and Cosmetic Act for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Actavis's generic armodafinil products before the expiration of the '570 patent, Actavis has infringed the '570 patent under 35 U.S.C. § 271(e)(2).

35. Upon information and belief, Actavis Group, Actavis Pharma, and Actavis Inc. have acted in concert, actively supporting, participating in, encouraging, and inducing Actavis Inc.'s filing of ANDA No. 200-168 for Actavis's generic armodafinil products, and in the preparation to sell in the United States Actavis's generic armodafinil products.

36. Upon information and belief, Actavis intends, soon after the FDA has approved the ANDA, to begin manufacturing, marketing, selling, and offering to sell Actavis's generic armodafinil products with a product insert that will direct physicians and patients in the use of Actavis's generic armodafinil products.

37. Upon information and belief, Actavis's generic armodafinil products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '570 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

38. Upon FDA approval of Actavis's ANDA No. 200-168, Actavis will infringe the '570 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing Actavis's generic armodafinil products in the United States, and by actively inducing infringement by others under 35 U.S.C. § 271(b).

39. Upon information and belief, Actavis Group will actively aid, abet, encourage, and induce Actavis Pharma, Actavis Inc., and others in the production, importation, sale, offer for sale, and use of Actavis's generic armodafinil products.

40. Upon information and belief, Actavis Group, Actavis Pharma, and Actavis Inc. will each actively participate in the production, importation, sale, offer for sale, and use of Actavis's generic armodafinil products.

41. Upon information and belief, the offer to sell, sale, and/or importation of Actavis's generic armodafinil products would actively induce infringement under 35 U.S.C. § 271(b) of at least one claim of the '570 patent, either literally or under the doctrine of equivalents.

42. Upon information and belief, Actavis had knowledge of the '570 patent and knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '570 patent, either literally or under the doctrine of equivalents.

43. Actavis has knowledge of the '570 patent and is knowingly and willfully infringing the '570 patent.

44. As a result of Actavis's infringement of the '570 patent, Cephalon has been and will continue to be damaged unless said infringement is enjoined by this Court. Cephalon has no adequate remedy at law.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs Cephalon, Inc. and Cephalon France pray for judgment and relief including:

A. A declaration that, under 35 U.S.C. § 271(e)(2)(A), Actavis's submission to the FDA of ANDA No. 200-168 to obtain approval for the commercial manufacture, use, offer for sale, sale in, or importation into the United States of Actavis's generic armodafinil products before the expiration of United States Patent Nos. RE37,516 and 7,132,570 was an act of infringement of each of the patents-in-suit;

B. A declaration that, under 35 U.S.C. §§ 271(e)(2)(A) and 271(b), Actavis's active and knowing aiding and abetting of the submission to the FDA of ANDA No. 200-168 to obtain approval for the commercial manufacture, use, offer for sale, or sale in, or importation into the United States of Actavis's generic armodafinil products before the expiration of United States Patent Nos. RE37,516 and 7,132,570 were acts of infringement of each of the patents-in-suit;

C. A declaration that Actavis would infringe one or more claims of United States Patent Nos. RE37,516 and 7,132,570 under one or more of 35 U.S.C. §§ 271(a)-(c) by its manufacture, use, offering to sell, and sale in, and importation into the United States of Actavis's generic armodafinil products prior to expiration of said patents-in-suit and any additional dates of exclusivity therefor;

D. A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, enjoining Actavis, and all officers, agents, servants, employees, privies, and others acting for, on behalf of, or in concert with any of them from infringing any claims of the patents-in-suit with Actavis's generic armodafinil products prior to the expiration date of each of United States Patent Nos. RE37,516 and 7,132,570, and any additional dates of exclusivity;

E.   A permanent injunction enjoining Actavis and all persons acting in concert with Actavis from seeking, obtaining, or maintaining approval of Actavis's ANDA No. 200-168 until the expiration date of each of United States Patent Nos. RE37,516 and 7,132,570, and any additional dates of exclusivity;

F.   An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Actavis's generic armodafinil products is not to be earlier than the latest of (i) the expiration date of United States Patent No. RE37,516 and (ii) the expiration date of United States Patent No. 7,132,570;

G.   A declaration that Actavis has no legal or equitable defense to Cephalon's allegations of infringement;

H.   An award declaring this case exceptional pursuant to 35 U.S.C. § 285 and granting Cephalon its attorney's fees;

I.   An award of Cephalon's costs and expenses in this action; and

J.   An award of any further and additional relief as this Court may deem just and proper.

| Of Counsel: | Respectfully submitted, |
|---|---|
| Charles E. Lipsey<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>Two Freedom Square<br>11955 Freedom Drive<br>Reston, Virginia 20190<br>(571) 203-2700<br><br>Tomas L. Irving<br>Barbara R. Rudolph<br>Mark J. Feldstein<br>FINNEGAN, HENDERSON, FARABOW,<br>  GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001-4413<br>(202) 408-4000 | _/s/ Mary W. Bourke_<br>Mary W. Bourke (#2356)<br>CONNOLLY, BOVE, LODGE & HUTZ LLP<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box. 2207<br>Wilmington, DE 19899<br>(302) 658-9141<br>mbourke@cblh.com<br><br>Attorney for Plaintiffs<br>CEPHALON, INC. and CEPHALON FRANCE |

Dated: December 8, 2009

739188